IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SYMANTHA REED, CHARLES GOEZ, JAMES SPAULDING, GARY CRAWFORD, WENDY WHARTON, MICHELLE WHITEHEAD,<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 21-cv-01155-STA-jay<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT'S MOTION TO REVISE
ORDER PARITALLY GRANTING AND
PARTIALLY DENYING DEFENDANT'S MOTION TO DISMISS**

On June 14, 2022, the Court entered an order partially granting and partially denying Defendant's motion to dismiss. (ECF No. 38.) Defendant has now filed a motion to revise the portion of the June 14 order as to the remand of Plaintiffs Symantha Reed, Charles Goetz, James Spaulding, and Wendy Wharton's claim for religious discrimination under Article I, Section 3, of the Tennessee Constitution (claim two) to the Dyer County Chancery Court. (ECF No. 39.) Plaintiffs have filed a response to the motion. (ECF No. 41.) For the reasons set forth below, Defendant's motion is **DENIED**.

Local Rule 7.3 Motion for Revision of Interlocutory Orders provides in part:

(a) Application to Non-Final Orders. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule. Motions to reconsider interlocutory orders are not otherwise permitted.

1

(b) Form and Content of Motion to Revise. A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

In the present case, Defendant contends that the Court should revise its previous order as to claim two on the ground that "the Court has an independent basis for federal subject matter jurisdiction pursuant to 28 U.S.C. §1332." In support of its argument, Defendant relies on *McElroy v. Philips Medical Systems North America, Inc.*, 127 Fed. App'x 161, 170, 2005 WL 406335, at *8 (2005).

Defendant's argument is not meritorious for two reasons. First, there has been no finding by the Court that it has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Although in response to Plaintiffs' motion to remand, Defendant asserted that this Court had jurisdiction under diversity-of-citizenship jurisdiction, 28 U.S.C. §1332, and federal officer jurisdiction, 28 U.S.C. § 1442(a)(1), the Court found that it had jurisdiction under § 1442(a)(1). Contrary to Defendant's underlying assertion in its motion, there was no finding of subject matter jurisdiction under §1332.

Next, Defendant's reliance on *McElroy* is misplaced. In that case, the Sixth Circuit found that the district court erred by dismissing a state law claim after the federal claims were dismissed because the court had "independent federal jurisdiction over the claim based on diversity of citizenship." Here, there has been no dismissal of claim two – instead, the Court remanded that claim to the state court because the question of whether a plaintiff has a private right of action for injunctive relief under the Tennessee Constitution is a novel issue best left to the decision of a state court. As this Court previously noted, in *Peterson v. Dean*, 2009 WL 3517542, at *1 (M.D. Tenn.

Oct. 23, 2009), that court acknowledged the lack of clarity as to whether "Tennessee courts have either recognized or proscribed a private right of action for injunctive relief, or whether they would be inclined to do so in the future. … The only thing clear at this point is that Tennessee does not allow for a private right of action for damages based on violations of the Tennessee Constitution, which is not at issue in this case." *Id.*  Rather than decide the issue, the *Peterson* Court declined to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367,[1] in part, because "the question of whether the Tennessee Constitution allows for a private right of action for injunctive relief as to an individual remains an unsettled issue of state law." *Id.* at *2. This Court agreed with the decision in *Peterson* and also declined to exercise supplemental jurisdiction over this novel issue of state law. Accordingly, claim two seeking injunctive relief on behalf of Plaintiffs was remanded to the Dyer County Chancery Court.

Defendant has presented no facts or law under Local Rule 7.3 or Rule 54(b) of the Federal Rules of Civil Procedure to convince the Court that its previous decision as to claim two should be set aside, and Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 10, 2022

---

[1]  Section 1367 provides in relevant part that a district court may decline to exercise supplemental jurisdiction over a particular claim when:
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c).