IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SYMANTHA REED, CHARLES GOETZ, JAMES SPAULDING, WENDY WHARTON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 21-cv-01155-STA-jay |
| vs. | ) ) | |
| TYSON FOODS, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING REPORT AND RECOMMONDATION
OF MAGISTRATE JUDGE**

Plaintiffs Symantha Reed, Charles Goetz, James Spaulding, and Wendy Wharton filed this action alleging that Defendant Tyson Foods, their former employer, violated their rights under the United States Constitution, the Tennessee Constitution, and various federal and state statutes. After much motion practice, the parties filed cross motions for summary judgment on the only remaining claim – whether Defendant violated Tenn. Code Ann. § 14-1-101 *et seq.* ("Title 14") by requiring Plaintiffs to be vaccinated with the COVID-19 vaccine or else go on unpaid leave without the assurance of ever reclaiming their jobs. Ultimately, Plaintiffs' motion for partial summary judgment was granted, and Defendant's motion for summary judgment was denied. The Court found that Defendant violated Plaintiffs' rights under Title 14, and the matter was referred to the Magistrate Judge for a report and recommendation on Plaintiffs' damages.

In a status conference before the Magistrate Judge, Plaintiffs raised the issue of their right to a jury trial on the issues of damages, while Defendant contested that right. The parties submitted

1

written briefs on the issue.  In his report and recommendation (ECF No. 107), the Magistrate Judge found that Plaintiffs are entitled to a jury trial on the issue of damages under the Seventh Amendment of the United States Constitution and recommended that a jury decide the issue of damages during a trial before the undersigned judge although the parties could consent to a damages trial before the Magistrate Judge.

Defendant has filed timely objections to the report and recommendation (ECF No. 108), and Plaintiffs have responded to Defendant's objections. (ECF No. 109.) For the reasons set forth below, the report and recommendation is **ADOPTED**, and the matter will be set for a jury trial on the sole issue of damages.

Objections to a magistrate judge's report and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1)(C). As set forth in the Federal Rules of Civil Procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b)(3).  *See also* Local Rule 72.1(g)(2).  When conducting a de novo review, the district judge is to "give fresh consideration to the finding objected to insofar as the objection impugns the integrity of the finding." *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).  Parties are not allowed to raise - and the Court need not consider - new arguments or issues that were not presented in the first instance to the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Moreover, the District Court is not required to review and "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In his report and recommendation, the Magistrate Judge summarized the background of this lawsuit as stated in this Court's order granting Plaintiffs' motion for partial summary judgment. The Tennessee General Assembly enacted Title 14, effective November 12, 2021, to create a number of protections related to the COVID-19 pandemic. Section 14-2-102 provides that "[a] private business, governmental entity, school, or local education agency shall not compel or otherwise take an adverse action against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason." Tenn. Code Ann. § 14-2-102(a). Title 14 grants a person injured as a result of such a violation a private right of action to seek "injunctive relief and to recover compensatory damages and reasonable attorneys' fees against an alleged violator." *Id.* § 14–6–103.

When considering the cross motions for summary judgment, the Court found that Defendant met the statutory definition of a "private business" under Tenn. Code Ann. § 14–1–101(15). Next, the Court found that Defendant's decision to place Plaintiffs on a one-year leave without pay without the assurance of being able to reclaim their jobs constituted an "adverse action" and that Defendant took the adverse action to compel Plaintiffs to provide proof of vaccination. Thus, Defendant violated Plaintiffs' rights under Title 14, and Plaintiffs were entitled to damages.

After a review of this Court's decision on liability, the Magistrate Judge considered the issue of who should decide the matter of damages – a jury or the Court – by examining the background of Title 14.

> Title 14, in part, provides the following findings: "[t]he right at common law to personal security and the liberty to be free from an unwanted touching of one's limbs and body was retained by the people of this state, and that right includes rights and duties with respect to medical treatment administered by other persons, such as through COVID-19 vaccinations." Tenn. Code Ann. § 14-1-102(4). "Consistent with our constitutionally recognized and inalienable right of liberty, every person

3

> within this state is and must remain free to choose or to decline to be vaccinated against COVID-19 without penalty or threat of penalty." Tenn. Code Ann. § 14-1-102(6). Title 14's stated purpose is "to safeguard the constitutional rights and liberty interests of persons during the COVID-19 pandemic. This title must be construed broadly to effectuate the purpose described in this section." Tenn. Code Ann. § 14-1-103.

(Rep. & Rec. pp. 2-3, ECF No. 107.)

The Magistrate Judge then examined each party's position as to why or why not there is a right under the Seventh Amendment to a jury trial on a Title 14 claim. Plaintiffs argued that Title 14 entitles them to a trial by jury pertaining to the "compensatory damages" provision of § 14-6-103. The Seventh Amendment affords them the right to demand a jury because the claim, in part, "is one vested in the common law rights of the State of Tennessee" as provided in § 14-1-102's reference to the "right at common law to personal security and liberty." Plaintiffs also argued that, because they originally filed their claims in the Tennessee Chancery Court, the right to a jury trial applies to Title 14's compensatory damages remedy under *Sneed v. City of Red Bank, Tenn.*, 459 S.W.3d 17, 30 (Tenn. 2014), which held that "the right to a jury trial in chancery court has been continuously guaranteed by statute in this State since 1846."

Defendant countered that neither the nature of Title 14 nor the remedy sought have historically been afforded the right to a jury trial. That is, Plaintiffs have no right to a trial by jury on state grounds because Title 14 was not passed until 2021, and the Tennessee Constitution "guarantees the right to trial by jury only as it existed at common law 'under the laws and constitution of 1796.'" *Id.* at 29. Defendant also argued that Plaintiffs' claim for compensatory damages is analogous to back pay which is an equitable remedy.

In response, Plaintiffs reiterated that compensatory damages that are rooted in common law tort are covered by the Seventh Amendment, and they highlighted the State Legislature's decision to repeatedly reference the "personal interest of Tennessee citizens," indicating that Title

4

14 protects personal interests that existed under the common law. Plaintiffs also argued that compensatory damages are separate from injunctive relief and attorney fees because the legal relief sought through compensatory damages has a deterrent and punitive effect, rather than an equitable one. Plaintiffs objected to Defendant's categorization of their request for damages as "back pay" because they are also seeking damages for emotional distress. As Plaintiffs see it, a statute cannot unilaterally be categorized as "equitable" merely because both legal and equitable remedies are available.

In making his recommendation, the Magistrate Judge examined the history of the Seventh Amendment.

> [T]he Seventh Amendment of the United States Constitution reads, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." For centuries, the Seventh Amendment has been understood to apply to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized. In a just sense, the amendment then may well be construed to embrace all suits which are not equity and admiralty jurisdiction." *Curtis* [*v. Loether*], 415 U.S. [189, 193 (1974)] (quoting *Parsons v. Bedford*, 28 U.S. 433, 434 (1830)). As such, "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal right and remedies, enforceable in an action for damages in the ordinary courts of law." *Id.* at 194.
>
> In determining "whether a statutory action is more similar" to those tried in courts of law or in courts of equity and admiralty, "the Court must examine both the nature of the action and of the remedy sought." *Tull v. United States*, 481 U.S. 412, 417 (1987). Thus, the court compares the "statutory action to the 18th-century actions brought" in English courts. Id. at 417. The court also examines the remedy sought and determines whether that remedy is legal or equitable. Id. at 417–18. The categorization of the remedy sought is "'more important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." *Id.* at 421 (quoting *Curtis*, 415 U.S. at 196).

(Rep. & Rec. pp. 5-6, ECF No. 107.) The Magistrate Judge then noted that "[g]enerally, in the context of the Seventh Amendment, monetary relief is considered legal relief" and that "'[i]t is settled law [] that the Seventh Amendment jury guarantee extends to statutory claims' if the claims

5

'sound basically in tort' and seek legal relief." (*Id.* at p. 6 (citation omitted).) Additionally, when "a legal claim is paired with an equitable claim within a statute, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" (*Id.* at p. 7 (citation omitted).)

In applying these principles, the Magistrate Judge first acknowledged that the statute itself is silent on the issue of a jury trial. He then stated his intention to "broadly construe Title 14 'to effectuate' the purpose of safeguarding 'the constitutional rights and liberty interest of person during the COVID-19 pandemic.'" Tenn. Code Ann. § 14-1-103. (*Id.* at p. 8.) He framed the determinative issue as "whether compensatory damages are provided as a remedy to 'punish culpable individuals' or to 'simply extract compensation or restore the status quo'" (*id.* (citation omitted)) and ultimately decided that Title 14's compensatory damages provision was more in the nature of a legal remedy to "punish culpable individuals" rather than an equitable remedy "to restore the status quo." In making his decision, the Magistrate Judge looked particularly at § 14-1-103's use of the word "violator" as "evidence that the General Assembly intended compensatory damages to serve a 'retributive or deterrent' purpose." (*Id.* at p. 9 (citation omitted).) Additionally, the Magistrate Judge focused on 14-1-102(5)'s express intent to "protect the rights at common law of persons and all such consent must be voluntary and not given under duress, coercion, misrepresentation, or fraud."

Finally, the Magistrate Judge extensively analyzed whether there was an analogous common law cause of action to which Title 14 could be compared and ultimately found that there was not because Title 14 was "unique to the times at which it was passed," *i.e.*, the worldwide COVID19 pandemic. (*Id.* at p. 10.) However, the language in *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999), in the context of a 42 U.S.C. § 1983 claim, provided guidance in finding that the compensatory damages sought in this case are in the nature of a legal

6

remedy giving Plaintiffs the right to a jury trial. *Compare* 526 U.S. at 709 ("[j]ust as common-law tort actions provide redress for interference with protected personal or property interests, § 1983 provides relief for invasion of rights protected under federal law") *with* Tenn. Code Ann. § 14-1-103 ("The purpose of this title is to safeguard the constitutional rights and liberty interests of persons during the COVID-19 pandemic.")

In summary, the Magistrate Judge interpreted the compensatory damages provision of Title 14 as a legal claim, such that the Seventh Amendment right to a jury trial applies, because Title 14 provides compensatory damages for the purpose of punishing culpable individuals, as opposed to only a restoration of the status quo. The Magistrate Judge declined to make a recommendation as to Plaintiffs' state law claims for a jury trial under Title 14 under the abstention doctrine outlined in *R.R. Commission of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), because that issue has not been decided by a Tennessee state court.

Defendant has filed objections to the report and recommendation. (ECF No. 108.) First, Defendant states that Plaintiffs did not make a timely request for punitive damages in either their original or amended complaints nor in their initial disclosures or answers to interrogatories. Next, Defendant objects to the Magistrate Judge's finding that Title 14's compensatory damages remedy was intended to punish "culpable individuals" and states that Title 14 does not provide for punitive damages. Finally, Defendant objects to the Magistrate Judge's reliance on the legislature's use of the word "violator" in the statute to support his decision. According to Defendant, using the term "violator" is common in legislation passed by the Tennessee General Assembly without reference to compensatory damages.

Plaintiffs have responded to Defendant's objections. They correctly point out that Defendant's only objection is that the report and recommendation is based on the finding that Title

7

14 is punitive in nature and, therefore, Defendant has abandoned any other argument or objection. *See* 28 U.S.C. § (b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

Plaintiffs contend that Defendant has misread the report and recommendation as being based on the premise that they are seeking punitive damages under Title 14. (ECF No. 109.) Although it is undisputed that Title 14 provides for compensatory damages, the Court agrees with Plaintiffs that the Magistrate Judge did not find that they are entitled to punitive damages.[1] Instead, his report and recommendation was based on his analysis that the Tennessee Legislature enacted Title 14 to punish violators like Defendant by way of, among other remedies, compensatory damages. What determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer, or, on the other hand, solely to "restore the status quo." *Tull*, 481 U.S. at 422.

Thus, the punitive nature of Title 14 leads to the conclusion that Plaintiffs' claim for damages is a legal remedy entitling them to a jury trial on that issue as opposed to an equitable remedy which would not so entitle them. *See SEC v. Jarkesy*, 144 S. Ct. 2117, 2129 (2024) (describing monetary damages as "the prototypical common law remedy" and determining that they are a legal remedy encompassed by the Seventh Amendment when they are "designed to punish or deter the wrongdoer").

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the report and recommendation itself; Defendant's objections; and Plaintiffs' response to the objections. After its de novo review, the Court finds the Magistrate Judge's report and recommendation is factually sound and legally correct and, therefore, must be **ADOTPED**. The

---

[1] It is unclear at this juncture whether Plaintiffs are, in fact, seeking punitive damages.

parties will have seven (7) days from the entry of this order in which to file a notice stating whether or not they consent to have the issue of damages heard by the Magistrate Judge. If they do not consent, the matter will be set for trial on the sole issue of damages before the undersigned judge.

    IT IS SO ORDERED.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date:  November 22, 2024.